IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Savanna Shuler DeLoach, *individually, and as Mother and Legal Guardian of B.W., a Minor*, | ) ) ) ) | Case No. 5:25-cv-12816-JDA |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| Atlantic Express Trucking Corporation; Mickey Murff; Estate of Phillip Martin Whetstone, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion to remand. [Doc. 7.] The motion is fully briefed and ripe for review. [Doc. 8.] For the reasons stated herein, the Court concludes that it does not possess subject matter jurisdiction over the action. Accordingly, the Court remands the action to the Orangeburg County Court of Common Pleas.

**BACKGROUND**

Plaintiff filed this case in the Orangeburg County Court of Common Pleas on January 29, 2025. [Doc. 1-1.] The Complaint alleges that Plaintiff is a resident and citizen of the state of South Carolina, Defendant Atlantic Express Trucking Corporation ("Atlantic Express") is a corporation organized and existing under the laws of the state of Illinois, Defendant Mickey Murff is a resident and citizen of the state of Illinois, and Defendant Phillip Martin Whetstone ("Whetstone" or "the Whetstone Estate") was a resident and citizen of the state of South Carolina. [*Id.* ¶¶ 1–4.]

The events underlying the Complaint occurred on or about June 24, 2023.  [*Id.* ¶ 10.]  Murff—acting within the course and scope of his agency, service, or employment to Atlantic Express—was traveling south on US-17 in a 2015 truck owned by Atlantic Express.  [*Id.* ¶¶ 7–8, 10.]  At the same time, Whetstone was traveling south on Castle Hill Road in a 2016 Chevrolet in which Plaintiff B.W. was a passenger.  [*Id.* ¶¶ 9, 11.]  Whetstone attempted a left turn and failed to yield to oncoming traffic.  [*Id.* ¶ 12.]  Murff struck and overturned Whetstone's vehicle, severely injuring B.W.  [*Id.* ¶¶ 13, 14.]  Based on the foregoing events, Plaintiff brings a cause of action against all Defendants for negligence/gross negligence [*id.* ¶¶ 15–24] and a cause of action against Atlantic Express for negligent entrustment [*id.* ¶¶ 25–29].  Plaintiff seeks actual and punitive damages, costs, and any other just and proper relief.  [*Id.* at 8.]

On October 3, 2025, Atlantic Express and Murff (collectively, "Removing Defendants") removed this matter to federal court.  [Doc. 1.]  Removing Defendants contend that removal is proper because the Whetstone Estate is a "sham" defendant "included solely to destroy this Court's diversity jurisdiction."  [*Id.* ¶ 3.]  Specifically, Removing Defendants argue that all claims against the Whetstone Estate were resolved in a settlement agreement approved by the Orangeburg County Court of Common Pleas on September 20, 2024, and, accordingly, Plaintiff retains no viable claims against the Whetstone Estate.  [*Id.* ¶¶ 11–12; *see also* Doc. 7-2.]  Regarding the timeliness of removal, Removing Defendants claim that they "only recently learned about the settlement of the claims against [the Whetstone Estate], and they have promptly filed [a notice of removal] upon learning of the resolution of the claims against the Whetstone Estate."  [Doc. 1 ¶ 13.]

2

On October 31, 2025, Plaintiff—with the consent of the Whetstone Estate—moved to remand this matter back to the Orangeburg County Court of Common Pleas. [Doc. 7.] Principally, Plaintiff contends that viable claims against the Whetstone Estate remain because Plaintiff is "pursuing underinsured motorist coverage . . . for the conduct of all Defendants, including the [Whetstone] Estate." [*Id.* at 1.] To this end, Plaintiff argues that the September 20, 2024, settlement agreement involved only the Whetstone Estate's liability and underinsured policies. [*Id.* at 3.] Plaintiff alleges that she "reserved the right to continue pursuing claims against all defendants for additional coverage available." [*Id.*] The Court agrees with Plaintiff.

## APPLICABLE LAW

**Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Removing Defendants' notice of removal alleged that removal is proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

3

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

**Fraudulent Joinder**

The fraudulent joinder doctrine permits a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes*, 198 F.3d at 461. The party asserting fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)" of the Federal Rules of Civil Procedure. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal citation omitted). To establish fraudulent joinder, the removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted).

**DISCUSSION**

Based on the record before the Court, and resolving all issues of law and fact in Plaintiff's favor, the Court concludes that Removing Defendants have not met their heavy burden of demonstrating either (1) outright fraud in Plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that Plaintiff would be able to establish a cause of action against the Whetstone Estate in state court.

Regarding the first consideration, Removing Defendants do not appear to dispute that Whetstone was a resident and citizen of the state of South Carolina.  [*See generally* Docs. 1; 8; *see also* Docs. 1-1 ¶ 4; 7-1.]  Accordingly, Removing Defendants have not demonstrated that Plaintiff engaged in outright fraud in her pleading of jurisdictional facts.

Regarding the second consideration, it is uncontested that Plaintiff executed a settlement agreement *with the Whetstone Estate's liability and underinsured carrier* on September 20, 2024.  [Doc. 7 at 3; *see also* Doc. 7-2 at 1.]  However, that settlement did not purport to resolve all claims against the Whetstone Estate; it "only address[ed] [the Whetstone Estate's] insurance policy with First National Insurance Co[mpany] of America (Policy No. F3812525)."  [Doc. 7-2 at 1.]  Indeed, Plaintiff explicitly reserved her right to "pursu[e] other responsible parties *or other underinsured coverages*" [*id.* at 2 (emphasis added)], and she allegedly signed a corresponding covenant not to execute reflecting the same [Doc. 7 at 3].

That Plaintiff named the Whetstone Estate as a party in this action is not merely *permissible*; "[s]ervice on the [putative] at-fault driver is *an essential component* of the

5

[plaintiff's] negligence action" under South Carolina Code § 38-77-160.[1]  *Louden v. Moragne*, 486 S.E.2d 525, 527 (S.C. Ct. App. 1997) (emphasis added); *see also Ex Parte Liberty Mut. Ins.,* No. 2023-000074, 2025 WL 2794501, at *1, 3 (S.C. Ct. App. Oct. 1, 2025) (concluding that South Carolina Code § 38-77-160 required the plaintiffs to preserve a right of action against the at-fault driver to be able to seek underinsured motorist benefits under their own insurance policies where the plaintiffs previously reached a settlement with the at-fault driver's liability carrier and signed a covenant not to execute to protect their right to recover underinsured motorist coverage from their own insurance policies); *Williams v. Selective Ins. Co. of Se.,* 446 S.E.2d 402, 404 (S.C. 1994) (noting that "[a]n insured must . . . preserve the right of action against an at-fault driver so long as the underinsured carrier has not agreed to the amount and payment of underinsured motorist benefits").  For these reasons, the Court concludes that the Whetstone Estate is a proper defendant in this action for the purpose of recovering potential underinsured coverages from National General Insurance Company.

In concluding that Removing Defendants cannot meet their heavy burden of showing that Plaintiff has no possibility of maintaining an action against the Whetstone

---

[1] South Carolina Code § 38-77-160 states, in relevant part:

> No action may be brought under the underinsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability. . . .  In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of the defense of action for its own benefit.

Estate, the Court is mindful that any doubt as to jurisdiction should be resolved in favor of remand. Because the Court concludes that the Whetstone Estate was properly named and served, Whetstone's citizenship is considered for the purposes of diversity jurisdiction. As Plaintiff and Whetstone are both deemed residents and citizens of the state of South Carolina, the parties are not completely diverse as required by 28 U.S.C. § 1332. Thus, this Court lacks subject matter jurisdiction over this action.[2]

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to remand [Doc. 7] is GRANTED. Accordingly, this action is REMANDED to the Orangeburg County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 1, 2026
Columbia, South Carolina

---

[2] Because the parties are not completely diverse, the Court need not address the amount-in-controversy requirement. [*See* Docs. 15; 17.] That said, the Court acknowledges that Plaintiff B.W. allegedly "incurred medical bills in the amount of $146,087.00 as a result of the automobile accident." [Doc. 17-2 ¶ 4.]